# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY L. PRITCHETT, | ) |
| PLAINTIFF, | ) |
| vs. | ) CASE NO. 05-CV-81-FHM |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | ) |
| DEFENDANT. | ) |

## ORDER

Plaintiff, Jerry L. Pritchett, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as

---

[1] Plaintiff's June 2, 2003 applications for Disability Insurance and Supplemental Security Income benefits were denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held August 19, 2004. By decision dated September 3, 2004, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on December 21, 2004. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995); *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born June 28, 1957, and was 46 years old at the time of the hearing. [R. 62, 153]. He claims to have been unable to work since May 16, 2002, due to "a broke back," a neck problem, blurry vision, carpal tunnel, hand stiffness, ringing in the ears, shoulder pain, depression and anxiety. [R. 30,156-165]. The ALJ concluded that the evidence contained medical findings of problems with back, depression, anxiety, organic, hands, wrists, legs, neck, vision, hearing and shoulder which could place substantial limitation[s] upon Plaintiff's basic work activities. [R. 18].[2] He determined that Plaintiff retains the residual functional capacity (RFC) to perform a wide range of light level work activity. [R. 21]. Based upon the testimony of a vocational expert (VE), the ALJ found that Plaintiff is unable to return to his past relevant work but that there are other jobs in the national economy existing in significant numbers which the Plaintiff could perform. [R. 22]. He found, therefore, that Plaintiff is not disabled as defined by

---

[2] Although the ALJ characterized these problems as "severe" in Finding No. three of his decision, his discussion of the evidence with regard to Plaintiff's allegations of depression/anxiety, problems with hearing, right eye, neck, legs, hand/wrists and right shoulder indicate the ALJ concluded those problems are not "significant." Nonetheless, the ALJ included restrictions in Plaintiff's RFC allowing for limitations in those areas. The Court, therefore, reviews the record and the ALJ's decision under the premise that the ALJ found all these problems, or the combination thereof, to be severe at step two.

the Social Security Act. [R. 22, 24]. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts the ALJ failed: 1) to perform a proper evaluation at steps two and three of the sequential evaluation process; 2) to perform a proper credibility determination; 3) to perform a proper evaluation at step five of the sequential evaluation process; and 4) to fully and fairly develop the record. [Plaintiff's Brief, p. 1-2]. For the reasons discussed below, the Court affirms the decision of the Commissioner.

### Steps two and three

At step two, the agency determines whether the claimant's alleged impairment(s) are "severe." 20 C.F.R. §§ 404.1520(a)(4)(ii),(c); 416.920(a)(4)(ii),(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." *Id.* §§ 404.1521(a); 416.921(a); Social Security Ruling (SSR) 85-28, 1985 WL 56856, at *3. See also SSR 03-3p, 2003 WL 22813114, at *2. It is the claimant's burden to demonstrate an impairment, or a combination of impairments, that significantly limits his/her ability to do basic work activities. See *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); 20 C.F.R. § 404.1521. Step two is designed "to weed out at an early stage of the administrative process those individuals who cannot possibly meet the statutory definition of disability." *Bowen*, 482 U.S., at 156; See also *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir.2004).

In this case, Plaintiff contends the ALJ improperly excluded a pain disorder, characterized by Plaintiff's counsel as a type of somatoform disorder, as one of his

severe impairments. Defendant responds that Plaintiff was never actually diagnosed with, much less treated for, a somatoform disorder and that the ALJ properly included pain in his evaluation of Plaintiff's RFC. The Court agrees with Defendant. The only mention of a pain disorder is contained in the report of Larry Vaught, Ph.D., a psychologist who saw Plaintiff one time for an evaluation on behalf of the Social Security Administration. [R. 124-128]. His Axis I diagnosis included "Pain Disorder Associated with Both Psychological Factors and a General Medical Condition (Provisional)." This single notation does not establish a severe impairment at step two. *See Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir.1997) ("the mere presence of a condition or ailment" is not enough to get the claimant past step two). Moreover, because the ALJ considered Plaintiff's pain allegations as well as the medical evidence addressing complaints of severe pain, and included restrictions in the RFC to accommodate pain, there was no need to list pain disorder as a separate and distinct severe impairment at step two.

As to Plaintiff's argument that at step three the ALJ failed to discuss the criteria for each of the listings he considered, the Court also finds no merit. Citing *Clifton v. Chater*, 79 F.3d 1007 (10th Cir. 1996), Plaintiff contends the ALJ's failure to "even mention the paragraph B domains" for the mental listings renders his decision conclusory and beyond meaningful judicial review. [Plaintiff's brief, p. 3].  In a recent Tenth Circuit case *Fischer-Ross v. Barnhart*, 431 F.3d 729 (10th Cir. 2005), the court clarified its holding in *Clifton*. In *Fischer-Ross*, the lower court had affirmed the ALJ's findings at steps 1, 2, 4 and 5, but reversed and remanded the case on the basis that the ALJ's step 3 discussion was not sufficiently detailed. The Tenth Circuit reversed,

4

applying the harmless error analysis set forth in *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) ("harmless error analysis 'nevertheless may be appropriate to supply a missing dispositive finding ... where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way'."). *Fischer-Ross*, 431 F.3d at 733-34.  In this case, the Court finds the ALJ's substantiated RFC findings provide a definitive basis for rejection of the listings and that any deficiency in his written decision regarding the listings criteria does not create a basis for reversal.

In addition, the ALJ referred to and relied upon Dr. Vaught's Mental Medical Source Statement ("statement") in his decision. [R. 129-132].  The statement is a standard form with boxes checked to indicate conclusions regarding the patient's ability to perform basic work functions under the following categories: Understanding and Memory; Sustained concentration and Persistence; Social Interaction; and Adaptation.  These factors parallel those found in Part B of the mental listings and the PRT form.  Dr. Vaught found no limitation or no significant limitation in most areas but marked "moderate limitation" in subcategories regarding the ability to understand and remember detailed instructions and to carry out detailed instructions. The ALJ included restrictions in Plaintiff's RFC for light work consistent with the moderate limitations identified by Dr. Vaught. [R. 182].  The ALJ's RFC findings conclusively negate the possibility of any finding that Plaintiff is presumptively disabled under  pertinent listings.  *Fischer-Ross*, 431 F.3rd at 735 (citing Social Security Ruling 83-10, 1983 WL 31251, at *5, *6).

Plaintiff points to no medical evidence in the record that conflicts with Dr. Vaught's assessment and the ALJ's RFC findings. The only evidence cited by Plaintiff to demonstrate what he claims are marked limitations of activities of daily living is his testimony. Subjective complaints alone are a not sufficient basis for a finding of disability. See *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir.1990) (subjective complaints alone insufficient to establish disabling pain). As discussed above, the findings of the mental consultative examiner do not show the "marked, if not extreme" limitations Plaintiff claims. Instead, the medical findings support the ALJ's determination that Plaintiff has moderate limitations in his ability to understand, remember and carry out detailed instructions.

The Court finds the ALJ considered the medical evidence and Plaintiff's testimony and that, despite his abbreviated discussion with regard to the listings, his subsequent findings and the indisputable aspects of the medical record conclusively preclude Plaintiff's qualification under the listings at step three. *Fischer-Ross*, 431 F.3d at 735 (Any deficiency in ALJ's articulation of his reasoning to support his step three determination is harmless when no reasonable factfinder could conclude otherwise.).

### Credibility Determination

Plaintiff contends the ALJ omitted and ignored salient findings of the consultative medical examiners that support his testimony. [Plaintiff's brief, p. 5]. Plaintiff cites the range of motion chart filled in by Sri K. Reddy, M.D. on July 21, 2003 [R. 107] and a notation by E. Joseph Sutton, II, D.O. on January 19, 2004 [R. 115]. Dr. Reddy's chart did indeed note pain, tenderness and muscle spasm during his range of motion tests. [R. 107]. However, in the accompanying narrative report, Dr. Reddy noted normal

6

neurological and musculoskeletal functions. [R. 103-104].  Nowhere in Dr. Reddy's report and range of motion chart is there any suggestion that he found the profound limitations of movement or the need to restrict work activities as Plaintiff has described. Likewise, the report of Dr. Sutton does not provide support for Plaintiff's claim of disability.  In short, rather than providing support for Plaintiff's claim of total disability, the two examination reports support the ALJ's conclusion that Plaintiff suffers from some pain that limits his work activities but does not preclude performance of any gainful activity.

Plaintiff's use of over-the-counter medication and failure to seek treatment are legitimate factors to be considered in evaluating his credibility regarding the severity of his alleged limitations. See, e.g., *Qualls v. Apfel*, 206 F.3d 1368, 1372-73 (10th Cir.2000) (upholding ALJ's use of claimant's failure to take pain medication in evaluating claimant's credibility on pain issue).  Likewise, the ALJ's assessment of the credibility of Plaintiff's complaints of inability to work due to a multitude of other physical problems is supported by the record. [R. 103-107, 113-123: blurry vision -  20/20 and 20/25 results on eye exams; lack of dexterity in hand and wrist - normal grip strength and range of motion;[3]  stiff and painful neck - normal range of motion and neurological findings; right shoulder pain when reaching - no positive findings upon examination]. Basically, Plaintiff is dissatisfied with the weight given the evidence by the ALJ.  Plaintiff essentially asks the Court to reweigh the evidence. This it cannot do. *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995).  There is no evidence, except Plaintiff's testimony, that

---

[3] The Court notes that Dr. Sutton found slight decrease in flexion of Plaintiff's left index finger but determined that does not interfere with his grip or finger/thumb approximation. [R. 115].

contradicts the ALJ's determination that Plaintiff's impairments limit him to a wide range of light work but do not preclude all work activity.  It is difficult for a claimant "to establish disabling pain without the explicit confirmation of treating physicians." *Kepler v. Chater,* 68 F.3d 387, 390 (10th Cir.1995) (quoting *Huston v. Bowen,* 838 F.2d 1125, 1131 (10th Cir.1988)).  The ALJ provided a sufficient link between the evidence and his determination that Plaintiff's allegations of disabling pain were not credible. The ALJ's credibility assessment is supported by substantial evidence in the record.  Therefore, there is no reason to deviate from the general rule to accord deference to the ALJ's credibility determination, see *James v. Chater*, 96F.3d 1341, 1342 (10th Cir. 1996) (witness credibility is province of Commissioner whose judgment is entitled to considerable deference).

### Step five

Plaintiff complains the ALJ improperly applied "the Grids."[4] [Plaintiff's brief, p. 8]. This is simply not true.  The ALJ stated the Grids provide the framework for a conclusion that Plaintiff is not disabled at step five. [R. 22].  The ALJ's step five conclusion was based upon the testimony of a certified vocational expert at the hearing. [R. 22].

In an internally inconsistent argument, Plaintiff claims that the ALJ did not mention alternative jobs but found Plaintiff could perform an alternative job of self service store attendant in his findings. [Plaintiff's brief, p. 9].  The Court disagrees with Plaintiff's contention that the ALJ did not clearly state which of the situations applied.

---

[4] Medical-Vocational Guidelines, see 20 C.F.R. Pt. 404, Subpt. P, App. 2, rule 201.21 (the grids).

The ALJ described the testimony of the vocational expert (VE) at the hearing in the narrative portion of his decision. [R. 22]. In both the narrative portion and in Finding No. 10 of his decision, the ALJ cited the self service store attendant job identified by the VE as an alternative job available in sufficient numbers in the economy that Plaintiff could perform with his RFC. [R. 22, 23].

In his Reply brief, Plaintiff argues that the self service job requires "frequent hearing" and "occasional near acuity" which he claims were precluded because the ALJ's RFC included restrictions to environments of low noise and no fine vision requirements. At the hearing, the VE responded to the ALJ's first hypothetical question that jobs as small parts assembler and attendant at a self service convenience store would be available at the medium and light exertional levels. [R. 184]. The ALJ's second hypothetical limited Plaintiff to sedentary and light work, "[o]ccasional climb, bend, stoop, squat, kneel, crouch, crawl, operate foot controls, push, pull, twist and nod the head, reach; no fine vision and limiting vision. I am not saying he can't use his eyes, but he shouldn't be doing small tedious type work with his eyes." [R. 184-185]. The ALJ also included low noise as a limitation. [R. 185]. The ALJ expounded upon those limitations as follows: "I am not trying to rule out an ordinary business commercial educational type noise environment, but he shouldn't be on a foundry floor or flagging trucks by or something like that because of the noise." [R. 185]. In response, the VE eliminated the assembler job but testified that the rest would still be available. [R. 186]. The VE referred to the DOT during his testimony. [R. 183].

The ALJ's RFC did not include the visual and auditory limitations Plaintiff asserts in his briefs. In posing a hypothetical question, the ALJ need only set forth those

9

physical and mental impairments which are accepted as true by the ALJ. See *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990). Plaintiff's contention that the ALJ's step five determination was improper is without merit.

## Development of the Record

Plaintiff claims the ALJ failed to develop the record because he refused to order a Halstead-Reitan test for organic brain injury as requested by his attorney at the hearing. A consultative examination is often required for proper resolution of a disability claim when the medical evidence in the record is inconclusive. *See Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir.1997); *see also* 20 C.F.R. §§ 404.1512(f) ("If the information we need is not readily available from the records of your medical treatment source, or we are unable to seek clarification from your medical source, we will ask you to attend one or more consultative examinations at our expense."); *id*. § 416.912(f). In this case, however, the evidence before the ALJ consisted of reports by consultative examiners that detailed Plaintiff's history, complaints and limitations. The ALJ incorporated limitations into his RFC finding consistent with those reports. Plaintiff has not established justification for further medical studies. The Court finds the ALJ properly considered the medical evidence and fulfilled his duty to develop the record.

## Conclusion

The ALJ's decision demonstrates that he considered all of the medical reports and other evidence in the record in his determination that Plaintiff retained the capacity to perform a wide range of light work activity. The record as a whole contains

substantial evidence to support the determination of the ALJ that Plaintiff is not disabled. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 10th day of May, 2006.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE