IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JERRY L. PRITCHETT,

           Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

           Defendant.

Case No. 05-CV-81-FHM

**OPINION AND ORDER**

Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) [Dkt. 50] and Plaintiff's Attorney's Motion for an Award of Attorney Pursuant to 42 U.S.C. § 406(b) [Dkt. 51] are before the Court. Counsel seeks approval of an attorney fee award of $7,762 pursuant to the terms of 42 U.S.C. § 406(b) and the contingency fee contract between Plaintiff and counsel. Counsel has certified that Plaintiff has been advised of the fee request, and Plaintiff has expressed he does not object to the requested fee award. [Dkt. 52]. The matter is ripe for decision. The motions [Dkt. 50, 51] are GRANTED.

Plaintiff appealed the Administrative denial of his application for Social Security benefits to this Court. The administrative denial of Plaintiff's application for benefits was reversed and the case was remanded to the Commissioner for further proceedings. [Dkt. 34]. There was no award of fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

On remand the Commissioner determined that Plaintiff was entitled to disability benefits, including an award of past due benefits. A letter from the Social Security

Administration reflects that $7,762, 25% of Plaintiff's past due benefits was withheld to pay the attorney's fee. [Dkt. 51-2, p.2].

Section 406(b)(1) allows an award of attorney fees, payable from the past due benefits withheld by the Social Security Administration, when the district court has remanded a Title II Social Security case for further proceedings and benefits are awarded on remand. *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006). 42 U.S.C. § 406(b)(1)(A) provides that a court may award "a reasonable fee . . . not in excess of 25 percent of the . . . past due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of the [the] past-due benefits." Section 406(b)(1)(A) does not replace contingency fee agreements between Social Security claimants and their counsel. Instead, that section requires the district court to review contingency fee agreements as an "independent check" to assure that the agreement yields a reasonable result. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002). Section 406(b) provides a boundary that agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Id.*

In determining whether a fee resulting from a contingency fee contract is reasonable, it is appropriate to adjust the attorney's recovery based on the character of the representation and the results the representation achieved. A reduction is in order if the attorney is responsible for delay, so the attorney will not profit from the accumulation of past-due benefits while the case is pending in court. In addition, if the benefits are large in comparison to the amount of time counsel spent on the case, the fee award may be adjusted. *Id.* 535 U.S. at 808, 122 S.Ct. at 1828. Further, the burden to prove the fee is reasonable is placed upon the attorney seeking the fee. *Id.* at n.17.

Plaintiff and counsel entered into a contract [Dkt. 51-3], which is a contingency fee arrangement that provides if the attorney prevails before the federal court on Plaintiff's behalf, and Plaintiff is awarded benefits by the Social Security Administration, Plaintiff agrees to pay counsel a fee for federal court work equal to 25% of the past due benefits.

The undersigned concludes that the requested fee award of $7,762 which is 25% of Plaintiff's past due benefit award as reflected in the record submitted is reasonable. That award comports with the contract between counsel and Plaintiff and is within the statutory limits of §406(b). The fee yields an hourly rate of approximately $92 per hour for work performed before the federal court, which does not amount to a windfall.

Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) [Dkt. 50] and Plaintiff's Attorney's Motion for an Award of Attorney Pursuant to 42 U.S.C. § 406(b) [Dkt. 51] are GRANTED. Counsel is awarded $7,762 to be paid from Plaintiff's past due benefits being withheld by the Commissioner for attorney fees.

SO ORDERED this 10th day of June, 2009.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE